**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEY GARIBAY, | No. C 09-2828 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| R. HOREL, warden, | |
| Respondent. | |

## INTRODUCTION

Erney Garibay, a prisoner incarcerated at the Pelican Bay State Prison, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges a decision by prison officials on or about May 22, 2007 to validate him as a gang associate. He alleges that he filed unsuccessful habeas petitions in state courts, including the California Supreme Court, before filing this action. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant

1  or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is
2  appropriate only where the allegations in the petition are vague or conclusory, palpably
3  incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
4  Cir. 1990).

5  Garibay alleges three claims in his petition.  First, he alleges that the evidence used to
6  validate him as a gang associate was unreliable and insufficient.  Liberally construed, this
7  states a cognizable due process claim.  See Superintendent v. Hill, 472 U.S. 445, 455 (1985);
8  Toussaint v. McCarthy, 801 F.2d 1080, 1104-05 (9th Cir. 1986), cert. denied, 481 U.S. 1069
9  (1987).  Second, he contends that prison officials have a policy and practice of placing and
10 retaining prisoners in the SHU based on mere allegations of gang affiliation rather than
11 misconduct.  This claim will be dismissed because there is no constitutional prohibition on
12 putting inmates in administrative segregation based on gang affiliation rather than actual
13 misconduct or criminal conduct.  Third, Garibay contends that prison officials enforce vague
14 and overbroad regulations (e.g., 15 Cal. Code Regs. § 3023)  that infringe on his speech and
15 conduct.  This claim will be dismissed because it does not identify a federal constitutional
16 provision that has been violated (as it must to be considered in habeas) and, even if it did, the
17 text of the argument shows that petitioner is arguing that he did not qualify for placement in
18 administrative segregation, which is an argument in support of the first claim rather than a
19 separate claim.

20 Garibay requests appointment of counsel to represent him.  A district court may
21 appoint counsel to represent a habeas petitioner whenever "the court determines that the
22 interests of justice so require and such person is financially unable to obtain representation."
23 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the
24 district court.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).  Appointment is
25 mandatory only when the circumstances of a particular case indicate that appointed counsel
26 is necessary to prevent due process violations.  See id.   The interests of justice do not require
27 appointment of counsel in this action.

28 Finally, Garibay requests an evidentiary hearing.  The request for an evidentiary

hearing at this time will be denied.  If the court determines that an evidentiary hearing is necessary after reading the parties' briefs and the records the parties submit, it will order one on its own and without need for a motion from a party.

## CONCLUSION

For the foregoing reasons,

1. The petition alleges a cognizable due process claim based on the insufficiency and unreliability of the evidence used to support the decision challenged.  All other claims are dismissed.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **February 19, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of the prison records pertaining to the challenged decision.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 31, 2010**.

5. Petitioner is responsible for prosecuting this case.  He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Petitioner's in forma pauperis application is DENIED because he has sufficient funds to pay the filing fee.  (Docket # 2.)  No later than **January 29, 2010**, petitioner must pay the $5.00 filing fee or this action will be dismissed.  Petitioner's request for appointment of counsel and for an evidentiary hearing are DENIED.  (Docket # 3, # 4.)

IT IS SO ORDERED.

DATED:   December 16, 2009

Marilyn Hall Patel
United States District Judge